IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MALIK JONES, #K-09065, | ) | CIVIL NO. 2:08-00251 DAE/KSC |
| | ) | |
| | ) | ORDER GRANTING APPLICATION FOR |
| Plaintiff, | ) | LEAVE TO PROCEED *IN FORMA* |
| | ) | *PAUPERIS* AND DIRECTING |
| vs. | ) | COLLECTION OF FILING FEE AND |
| | ) | ORDER DENYING APPOINTMENT OF |
| D. VANDERVILLE, ET AL., | ) | COUNSEL |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED
*IN FORMA PAUPERIS* AND DIRECTING COLLECTION OF FILING FEE
AND ORDER DENYING APPOINTMENT OF COUNSEL

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C § 1983 and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff has also filed a motion for appointment of counsel.

## I. **In Forma Pauperis is Granted**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff is required to pay the statutory filling fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). When, as here, Plaintiff has insufficient funds available in his prison trust account, the court does not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated, however, to make monthly payments of twenty percent of the

preceding month's income credited to Plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity.  28 U.S.C. § 1915A(a).  The court has not yet screened the Complaint to determine whether it sufficiently states a claim and shall proceed in the normal course.  After screening, if the court determines that Plaintiff's Complaint states a claim, the court will issue a written Order and will then instruct the Clerk of the Court to send Plaintiff the documents necessary to effect service.

**II.  The Motion for Appointment of Counsel is Denied.**

"[T]here is no absolute right to counsel in civil proceedings."  *Hedges v. Resolution Trust Corp.* (*In re Hedges*), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts do not have the authority "to make coercive appointments of counsel."  *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).  Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent

civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Because the court has not yet thoroughly screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a), it is premature for the court to consider Plaintiff's Motion. A brief review of the Complaint, however, does not reveal the exceptional circumstances required to warrant the appointment of counsel. The court DENIES Plaintiff's Motion for Appointment of Counsel, without prejudice to refiling after the Complaint has been screened and has been determined to state a claim, and service has been directed on Defendants.

## CONCLUSION

1. Plaintiff's request for leave to proceed *in forma pauperis* is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. **MIKE MCDONALD, WARDEN HIGH DESERT STATE PRISON (HDSP), or his designee, shall collect from**

3

**Plaintiff's prison account** monthly payments in an amount equal to twenty percent of the preceding month's income credited to Plaintiff's prison account and shall forward those payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2) until a total of $350.00 has been collected and forwarded to the Clerk of Court. THE PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

      3.   The Clerk of the Court is DIRECTED to serve a copy of this Order on Plaintiff and on **MIKE MCDONALD, WARDEN HDSP, P.O. BOX. 750, SUSANVILLE, CA 96127-0750.**

      4.   The court has not yet screened the Complaint to determine whether it sufficiently states a claim and shall proceed in the normal course.  After screening, if the court determines that Plaintiff's Complaint states a claim, the court will issue a written Order and will then instruct the Clerk of the Court to send Plaintiff the documents necessary to effect service.

      5.   Plaintiff's Motion for Appointment of Counsel is DENIED.

```
     IT IS SO ORDERED.

     DATED:   Honolulu, Hawaii, October 8, 2009.
```

_____
Kevin S.C. Chang
United States Magistrate Judge

CV 2:08-00251 DAE-KSC; Jones v. Vanderville, et al.; ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING COLLECTION OF FILING FEE AND ORDER DENYING APPOINTMENT OF COUNSEL