IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK JONES, #K-09065, ) | CIVIL NO. 2:08-00251 DAE/KSC |
| ) | |
| ) | ORDER DISMISSING THE COMPLAINT |
| Plaintiff,  ) | WITH LEAVE TO AMEND; |
| ) | ORDER DENYING AS MOOT MOTION |
| vs.    ) | TO AMEND COMPLAINT; ORDER |
| ) | DENYING REQUESTS TO ADD PROOF |
| D. VANDERVILLE, ET AL., ) | OF EXHAUSTION OF |
| ) | ADMINISTRATIVE REMEDIES |
| Defendants. ) | |
| _____) | |

<u>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND;</u>
<u>ORDER DENYING AS MOOT MOTION TO AMEND COMPLAINT; ORDER DENYING</u>
<u>REQUESTS TO ADD PROOF OF EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 15, 2009, Plaintiff filed a First Motion for Leave to Amend the Complaint (Doc. No. 15). Plaintiff's Motion is DENIED AS MOOT for the reasons set forth below.

Plaintiff additionally filed several requests and a motion to add proof of exhaustion of administrative remedies (Doc. Nos. 11, 13, 16). These requests/motion are DENIED.

I. <u>SCREENING ORDER</u>

A. <u>Screening Requirement</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous,

malicious, or fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).  If the court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

The court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform the litigant of deficiencies).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right of relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (citation omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question.  Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

When a plaintiff appears pro se, as Plaintiff does in this action, the court has an obligation to construe the plaintiff's complaint liberally.  See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (same).  "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superceded by statute, Lopez, 203 F.3d at 1126-30.

    B.   <u>Pleading Requirements</u>

         1.   <u>Federal Rule of Civil Procedure 8(a)</u>

Rule 8 of the Federal Rules of Civil Procedure ("FRCP") requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "The Federal Rules require that averments 'be simple, concise and direct.'"  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ.

P. 8(e)(1)).  Simply put, "[a]ll that is required [by Fed. R. Civ. P. 8(a)] is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996) (quoting Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 870 (9th Cir. 1991)).

A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).  See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry, 84 F.3d 1172.  FRCP 10(b) also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count."  Id.  The court does not bear the responsibility of reviewing and deciphering a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims.

    2.   Federal Rule of Civil Procedure 18

FRCP 18 provides: "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).

4

>     Thus multiple claims against a single party are
>     fine, but Claim A against Defendant 1 should not
>     be joined with unrelated Claim B against Defendant
>     2. Unrelated claims against different defendants
>     belong in different suits, not only to prevent the
>     sort of morass that this 50-claim, 24-defendant
>     suit produced but also to ensure that prisoners
>     pay the required filing fees-for the Prison
>     Litigation Reform Act limits to 3 the number of
>     frivolous suits or appeals that any prisoner may
>     file without prepayment of the required fees. 28
>     U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

    C.    Plaintiff's Complaint

The Court has reviewed Plaintiff's rambling 306 page (including Exhibits), approximately 362 paragraph, 79 Defendant Complaint and concludes that it fails to comply with FRCP 8, 10, and 18.  The Court is therefore unable to meaningfully review the Complaint, as required by 28 U.S.C. § 1915A(a).  Accordingly, the Court HEREBY DISMISSES the Complaint WITH LEAVE TO AMEND.

    1.    Amending the Complaint

Within 30 days from the date of service of this Order, Plaintiff may submit a first amended complaint on the form provided with this Order.  If Plaintiff fails to use the form provided with said Order, the Court may strike the amended complaint and recommend dismissal of this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The

amended complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the original Complaint by reference.

Plaintiff must comply with the instructions provided with the form.  Plaintiff should pay close attention to the instructions provided with the form.  If Plaintiff fails to comply with the instructions provided with the form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Among other requirements contained in the instructions, Plaintiff must provide information in an amended complaint regarding the Court's jurisdiction and the defendants, and he must divide his lawsuit into separate counts.  In each count, Plaintiff must identify the federal constitutional civil right allegedly violated, check the box for the issue most closely involved, state how each defendant participated in the alleged violation at issue, and explain how Plaintiff was injured by the alleged violation.  Plaintiff must repeat this process for each civil rights claim.  Plaintiff may allege only one claim per count.

Plaintiff is advised that it is inappropriate to attach exhibits to a complaint.  See Fed. R. Civ. P. 8. Further, the Court cannot serve as a repository for the

parties' evidence.  Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court).  At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief.  Thus, in amending his complaint, Plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

     Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

II.  Motion to Amend Complaint

Insofar as the Court recommends dismissal of the Complaint with leave to amend, Plaintiff's First Motion for Leave to Amend the Complaint is DENIED AS MOOT.

III. <u>Requests (Doc. No. 11 & 13) and Motion to Add Proof of Exhaustion of Administrative Remedies (Doc. No. 16)</u>

As previously discussed, the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). The submission of evidence is premature at this point. Therefore, the Court DENIES Plaintiff's requests and motion to add proof of exhaustion of administrative remedies (Doc. nos. 11, 13, and 16), as Plaintiff is merely required to state a prima facie case for relief at this stage in the litigation.

IV. <u>CONCLUSION</u>

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date this

Order is filed, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this Order;

      4.   If Plaintiff fails to comply with this Order, the Court will recommend that this action be dismissed for failure to state a claim.

      5.   If the amended complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  See McHenry, 84 F.3d at 1177-79.

      6.   If Plaintiff fails to file an amended complaint within the time granted, this Complaint and action SHALL BE AUTOMATICALLY DISMISSED and shall be counted as a "strike" under 28 U.S.C. § 1915(g).

      7.   Plaintiff's First Motion for Leave to File an Amended Complaint (Doc. 15) is DENIED AS MOOT.

      8.   Plaintiff's Requests and Motion to Add Proof of Exhaustion of Administrative Remedies (Doc. Nos. 11, 13, 16) are DENIED.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaii, October 9, 2009.

_____
Kevin S.C. Chang
United States Magistrate Judge




CV 2:08-00251 DAE-KSC; Jones v. Vanderville, et al.; ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND; ORDER DENYING AS MOOT MOTION TO AMEND COMPLAINT; ORDER DENYING REQUESTS TO ADD PROOF OF EXHAUSTION OF ADMINISTRATIVE REMEDIES

10