IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
MALIK JONES, #K-09065,        )    CIVIL NO. 2:08-00251 DAE/KSC
                              )
          Plaintiff,          )    ORDER: (1) DENYING
                              )    PLAINTIFF'S OBJECTIONS TO
     vs.                      )    MAGISTRATE JUDGE'S ORDERS;
                              )    AND (2) DISMISSING THE CASE
D. VANDERVILLE, ET AL.,       )    WITH PREJUDICE
                              )
          Defendants.         )
_____)
```

ORDER: (1) DENYING PLAINTIFF'S OBJECTIONS
TO MAGISTRATE JUDGE'S ORDERS; AND
(2) DISMISSING THE CASE WITH PREJUDICE

On November 6, 2009, Plaintiff filed Objections to Magistrate Judge Kevin Chang's Orders (Doc. #21).  After reviewing the supporting memorandum and record the Court DENIES Plaintiff's Objections to both Orders, dated October 9, 2009 and October 23, 2009, and the Court DISMISSES the case WITH PREJUDICE.

BACKGROUND

Malik Jones, ("Plaintiff") is a state prisoner, proceeding pro se, and *In Forma Pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was referred to a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) of the Federal Magistrates Act of 1968 and Local Rule 72-302.

On October 9, 2009, pursuant to 28 U.S.C. § 1915A(a), which requires that complaints brought by prisoners seeking relief against employees of a governmental entity be screened, Magistrate Chang issued an order dismissing the complaint with leave to amend. (Doc. #18).

On October 23, 2009, Plaintiff filed a request entitled "Motion Requesting the Court to Return Plaintiff's Original Complaint and Exhibits so that He will be Able to Amend it." This motion requested first, that the Court return to the Plaintiff the original complaint and attached Exhibits, and second, that the 30 day time period for amendment not commence until he receives the original Complaint and Exhibits. The Court denied both of these motions. (Doc. #20).

Plaintiff filed objections to the Magistrate's Orders dated October 9, 2009 (Doc. #18) and October 23, 2009 (Doc. #20), on November 6, 2009. (Doc. #21).

## STANDARD OF REVIEW

A district judge may reconsider a magistrate's order in a pretrial matter if that order is clearly erroneous, or contrary to law. 28 U.S.C. § 636 (b)(1)(A); L.R. 72-302 (a); L.R. 72-303 (f). "The statute provides that the magistrate's decision on a nondispositive issue will be reviewed by district court under the clearly erroneous standard." Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). Furthermore, "[t]o conclude

that a magistrate's decision is clearly erroneous, the district court must arrive at a definite and firm conviction that a mistake has been committed." <u>Folb v. Motion Picture Industry Pension & Health Plans</u>, 16 F. Supp. 2d 1164, 1168 (C.D. Cal. 1998). Therefore the only time a de novo standard of review is utilized is when the issues are dispositive.

DISCUSSION

I.  <u>Objections to the October 9, 2009 Order</u>

The issues raised by the Plaintiff's Objections are difficult to discern and overall unclear. It appears that the Plaintiff objects to the October 9, 2009 Magistrate Order for two reasons. First, he appears to offer the excuse that the Objection is late due to the fact that he was unaware that Magistrate Judge Chang was a magistrate judge. He explains that he was under the assumption that a district judge was presiding over his case, and objects to having a magistrate judge preside over his case. The second argument is more difficult to ascertain. Plaintiff states that he "objects to order of 10-9-09 as the [sic] attempts to cover up plaintiff being assaulted by officers... ." (Doc. #21). It appears that the Plaintiff is objecting to the overall order dismissing the claim, with leave to amend. Although the objections are vague, the Court will construe pro se Plaintiff's objections liberally.

Regarding the first issue, the Court is aware of the fact that the Plaintiff was given a consent form, as is the procedure in the Eastern District of California, in which he declined to consent to the jurisdiction of a magistrate judge. (Doc. #4).

However, this consent only pertains to trial matters, not pretrial matters.  A U.S. magistrate judge has the authority to hear and determine any pretrial matter with certain exceptions that are irrelevant here.  28 U.S.C. § 636 (b)(1)(A); L.R. 72-302 (c)(3).  Pretrial matters and nondispositive motions and orders do not require consent.

Black's Law Dictionary defines dispositive as "a deciding factor" or "final determination." Black's Law Dictionary 505 (8th ed. 2004).  Dispositive therefore refers to those issues that do not dispose of a party's claim.  If there is any question as to the nature of the issue, the court must "look to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or a defense of a party." United States v. Riviera-Guerrero, 377 F.3d 1064, 1068 (9th Cir. 2004).  For instance, it was held in Robinson v. Adams, No. 1:08-CV-1380, 2009 WL 1953167, (E.D. Cal. July 7, 2009), that "the Magistrate Judge did not issue a dispositive order because no claims have been dismissed without leave to amend and with prejudice." Id. at *1.  In the instant

4

case, Magistrate Judge Chang issued an order dismissing the complaint, with leave to amend.  Therefore, at this point, the orders issued have all been nondispositive.

In any case, according to L.R. 72-302 (c)(17), part of the duties of a magistrate judge is to preside over any case where a prisoner is seeking relief authorized under 42 U.S.C. § 1983, whether the issues are dispostive or non-dispositive. Moreover, L.R. 72-303 (c)(21) requires that magistrate judges must preside over all cases in which plaintiffs are proceeding pro se, including dispositive and non-dispositive matters.

As a prisoner seeking relief under 42 U.S.C. § 1983, and a plaintiff proceeding pro se, the Magistrate has statutory jurisdiction over the Plaintiff and all the matters related to his case.  Consequently, the Plaintiff's excuse for lateness is not valid.  "A party who fails to file timely objections to a magistrate judge's ruling on a nondispositive motion within 10 days forfeits the right to challenge the ruling." Folb, 16 F. Supp. 2d at 1168. Because the Plaintiff did not file his objections in a timely manner, he "may not assign as error a defect in the order... ." Fed. R. Civ. P. 72 (a).  The district court is not obligated to consider objections not timely submitted.

As to Plaintiff's second ground for objection, the Court must dismiss a complaint if a plaintiff raises claims that

are legally frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1).  Moreover, Rule 8 of the Federal Rules of Civil Procedure ("FRCP") requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The FRCP "require that averments 'be simple, concise, and direct.'"  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)(quoting Fed. R. Civ. P. 8(e)(1)).  An unorganized complaint with factual elements of a cause of action scattered throughout the complaint may be dismissed for failure to satisfy FRCP Rule 8(a).  See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry, 84 F.3d 1172.

        The Magistrate Judge's Order rightfully declared that "[t]he court does not bear the responsibility of reviewing and deciphering a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims." (Doc #18).  Plaintiff's complaint (Doc. #1) is 306 pages (including attached Exhibits) and approximately 362 paragraphs.  Plaintiff's complaint fails to comply with the FRCP.  It is simply incomprehensible.  The Magistrate's Order explained how the complaint should conform to the FRCP.  The Magistrate was correct in dismissing the claim, with leave to amend.

II.  <u>Objections to the October 23, 2009 Order</u>

The objections to the October 23, 2009 Order are similarly vague.  First, the Plaintiff states that he objects because "[t]his case was filed about 2-1-08 and has been bounced around several times now."  (Doc. #21).  Second, the Plaintiff states that he does not have a copy of his complaint or exhibits and in order to amend his complaint he needs his original complaint and exhibits returned to him.

The right to a speedy trial is only afforded to defendants in criminal prosecutions and has no relevance in a civil action.  It is common for several years to pass between the filing of a complaint in a civil case and the trial.

Furthermore, it is the Plaintiff's responsibility to keep copies of his own legal paperwork.  It is the Court's policy to retain originals of documents filed, as they must remain a part of the Court's record.  When the Plaintiff originally filed his complaint, he was informed that the Clerk's Office does not provide copies of documents to parties.  The directions to obtain copies were provided then.  The notice also informed the Plaintiff that *In Forma Pauperis* status does not include the cost of copies.  The Court cannot provide copies at a party's request, especially when the document requested is 306 pages long.  Doing so would unduly burden the Court.

7

III.  <u>Failure to Amend</u>

The October 9, 2009 order directed the Plaintiff to amend the complaint within 30 days from the date of service of the order.  Plaintiff was served with the order on October 13, 2009.  Therefore he had until November 12, 2009 to amend his complaint to conform with the requirements stated in the order.  Plaintiff was again informed of the 30 day requirement in the October 23, 2009 Order, which reiterated that Plaintiff had 30 days from October 13, 2009 to cure the deficiencies of his original complaint to avoid a dismissal with prejudice of his action.

Moreover, this Court has reviewed the complaint de novo and finds that the Magistrate Judge's order was correct in that the complaint fails to conform to the pleading requirements.  The Court is unable to meaningfully review an unnecessarily long and generally indecipherable complaint.  The Court finds that the complaint fails to state a claim upon which relief can be granted.

The Plaintiff has failed to submit an amended complaint within the allotted time frame.  The Plaintiff was duly noticed that failure to comply would result in a dismissal of his action.  The Court therefore DISMISSES the complaint with prejudice.

CONCLUSION

For the reasons stated above, the Court: (1) DENIES Plaintiff's Objections to Magistrate Judge's Orders; and (2) DISMISSES the Case with Prejudice.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, December 1, 2009.

_____
David Alan Ezra
United States District Judge

Jones v. Vanderville, et al., CV No. 2:08-00251 DAE-KSC; ORDER: (1) DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS; AND (2) DISMISSING THE CASE WITH PREJUDICE

9