IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MALIK JONES, #K-09065, | ) | CIVIL NO. 2:08-00251 DAE/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR RECONSIDERATION |
| vs. | ) | |
| | ) | |
| D. VANDERVILLE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On December 14, 2009, Plaintiff filed a Motion for
Reconsideration (Doc. # 24) of this Court's Order denying
Plaintiff's objections to Magistrate Judge Kevin Chang's Orders
(Doc. # 22).  After reviewing the supporting memorandum and
record the Court DENIES Plaintiff's Motion.

BACKGROUND

Malik Jones, ("Plaintiff") is a state prisoner,
proceeding pro se, and *In Forma Pauperis* in this civil rights
action pursuant to 42 U.S.C. § 1983.  On February 1, 2008,
Plaintiff filed his complaint alleging civil rights violations
against defendants. (Doc. # 1.) This action was referred to a
U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) of the
Federal Magistrates Act of 1968 and Local Rule 72-302.

On October 9, 2009, Magistrate Chang issued an order dismissing Plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915A(a), which requires that complaints brought by prisoners seeking relief against employees of a governmental entity be screened. (Doc. # 18.)

On October 23, 2009, Plaintiff filed a request entitled "Motion Requesting the Court to Return Plaintiff's Original Complaint and Exhibits so that He will be Able to Amend it." Plaintiff's motion requested that the Court return to Plaintiff his original complaint and exhibits and not commence the 30 day time period for amendment until Plaintiff received such documents.  The Court denied both of these motions.  (Doc. # 20.)

On October 9, 2009, Plaintiff filed Objections to the Magistrate's orders dismissing Plaintiff's complaint with leave to amend and denying his request for the return of his complaint and exhibits. (Doc. # 21.) On December 1, 2009, this Court denied Plaintiff's Objections and dismissed Plaintiff's case with prejudice.  ("Order," Doc. # 22.)

On December 14, 2009, Plaintiff filed the instant motion for reconsideration of this Court's Order. (Doc. # 24.)

<u>STANDARD OF REVIEW</u>

The disposition of a motion for reconsideration is within the discretion of the district court.  <u>Plotkin v. Pac. Tel. & Tel. Co.</u>, 688 F.2d 1291, 1292 (9th Cir. 1982); <u>Navajo</u>

2

<u>Nation v. Confederated Tribes and Bands of the Yakima Indian</u>
<u>Nation</u>, 331 F.3d 1041, 1046 (9th Cir. 2003).  This rule derives
from the compelling interest in the finality of judgments, which
should not be lightly disregarded.  <u>Rodgers v. Watt</u>, 722 F.2d
456, 459 (9th Cir. 1983).

 Motions for reconsideration are brought pursuant to
Federal Rules of Civil Procedure 59(e) or 60(b).  A motion for
reconsideration under Rule 59(e) should not be granted, absent
highly unusual circumstances, unless the district court is (1)
presented with newly discovered evidence, (2) committed clear
error, or (3) if there is an intervening change in the
controlling law.  <u>389 Orange Street Partners v. Arnold</u>, 179 F.3d
656, 665 (9th Cir. 1999) (citation omitted).  In addition, a Rule
59(e) motion for reconsideration "may not be used to raise
arguments or present evidence for the first time when they could
reasonably have been raised earlier in the litigation."  <u>Kona</u>
<u>Enterprises, Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th
Cir. 2000) (citation omitted).

 Federal Rule of Civil Procedure 60(b) provides that the
court may grant relief from an order or judgment for the
following reasons:

 (1) mistake, inadvertence, surprise, or excusable
neglect; (2) newly discovered evidence which by due diligence
could not have been discovered in time to move for a new trial

under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

<u>DISCUSSION</u>

Plaintiff's instant motion argues that he is entitled to reconsideration of the Court's Order because: 1) Plaintiff was allegedly unlawfully denied access to the prison law library and therefore could not amend his complaint; and 2) Plaintiff was allegedly denied access to a wheelchair necessary for Plaintiff to access the prison law library and amend his complaint. (Mot. at 1-2.) Plaintiff's arguments are presented for the first time in the instant motion. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>See</u> <u>Kona Enterprises, Inc.</u>, 229 F.3d at 890. The Court finds no justification for Plaintiff's failure to raise these arguments in his original objection.

Moreover, Plaintiff's motion for reconsideration fails to address any newly discovered evidence, clear error in the law,

4

or intervening change in the controlling law.  Therefore, The Court does not find, and Plaintiff has failed to raise, any reason justifying relief from the operation of the judgment.

Accordingly, the Court DENIES Plaintiff's Motion for Reconsideration.

<u>CONCLUSION</u>

For the reasons stated above, the Court DENIES Plaintiff's Motion for Reconsideration.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaii, January 13, 2010.

_____
David Alan Ezra
United States District Judge

<u>Jones v. Vanderville, et al.</u>,CV No. 2:08-00251 DAE-KSC; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

5