IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MALIK JONES, | ) | CV. NO. 08-00251 DAE-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| D. VANDERVILLE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED
COMPLAINT

Malik Jones, ("Plaintiff") is a state prisoner, proceeding pro se, and In Forma Pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 1, 2008, Plaintiff filed a complaint alleging civil rights violations against Defendant correctional officers. (Doc. # 1.) On October 13, 2009, U.S. Magistrate Judge Kevin S.C. Chang issued an order dismissing Plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915A(a), which requires that complaints brought by prisoners seeking relief against employees of a governmental entity be screened. (Doc. # 18.)  In his order, Judge Chang determined that Plaintiff's rambling 306-page complaint failed to comply with Federal Rules of Civil Procedure 8, 10, and 18.  (Id. at 5.)  Judge Chang granted Plaintiff 30 days to file an amended complaint using a civil rights complaint form.

Judge Chang also provided Plaintiff the following detailed instructions on how to cure the deficiencies in his complaint:

> Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the original Complaint by reference.
>
> Plaintiff must comply with the instructions provided with the form. Plaintiff should pay close attention to the instructions provided with the form. If Plaintiff fails to comply with the instructions provided with the form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.
>
> Among other requirements contained in the instructions, Plaintiff must provide information in an amended complaint regarding the Court's jurisdiction and the defendants, and he must divide his lawsuit into separate counts. In each count, Plaintiff must identify the federal constitutional civil right allegedly violated, check the box for the issue most closely involved, state how each defendant participated in the alleged violation at issue, and explain how Plaintiff was injured by the alleged violation. Plaintiff must repeat this process for each civil rights claim. Plaintiff may allege only one claim per count.
>
> Plaintiff is advised that it is inappropriate to attach exhibits to a complaint. See Fed. R. Civ. P. 8. Further, the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. Thus, in amending his complaint, Plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

> Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

(Id. at 5–7.)

On November 6, 2009, Plaintiff filed Objections to the Magistrate's order dismissing Plaintiff's complaint with leave to amend. (Doc. # 21.) On December 1, 2009, the Court issued an order denying Plaintiff's Objections and dismissing Plaintiff's case with prejudice. (Doc. # 22.) Plaintiff timely appealed, and the Ninth Circuit Court of Appeals vacated and remanded the case. (Docs. ## 25, 30.) The Ninth Circuit explained that this Court "did not consider any less drastic alternatives to dismissal with prejudice, such as granting Jones additional time to file his amended complaint." (Doc. # 30 at 2.)

Accordingly, as directed by the Ninth Circuit, this Court GRANTS Plaintiff leave to file an amended complaint. Plaintiff may file a First Amended Complaint, if he wishes to do so, by no later than August 24, 2012. The amended complaint must comply with the instructions set forth in Judge Chang's October

13, 2009 Order. Failure to do so and to cure the pleading deficiencies will result in dismissal of this action <u>with prejudice</u>.

The Clerk of the Court is directed to send Plaintiff a civil rights complaint form along with a copy of this Order and Judge Chang's order of October 13, 2009.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 9, 2012

_____
David Alan Ezra
United States District Judge

<u>Jones v. Vandervill, et al.</u>, CV No. 08-00251; ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT